UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIVIAN ANN HILL,<br><br>                              Plaintiff,<br><br>           -against-<br><br>RIVERSIDE CHURCH.ORG; REVEREND ADRIENE THORNE,<br><br>                              Defendants. | 23-CV-0059 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that on November 3, 2022, Defendants Riverside Church.org and the Reverend Adriene Thorne prevented her from voting. She asserts that her claims arise under the Fourteenth Amendment to the United States Constitution. By order dated January 10, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. On November 3, 2022, Plaintiff "proceeded to the former[ ] Citibank 111 Street and Broadway in Manhattan . . . to vote."[1] (ECF 2, at 4.) She noticed "voting sticker signs on the east side of the sidewalk that directed one to the exact location in order to cast a ballot to vote at said site." (*Id.*) Plaintiff contends, however, that "this location was intentionally closed due to their most recent knowledge that I sought to vote there." (*Id.*) Moreover, "[t]he Riverside staff that manned this voting location were aware of my

---

[1] Election Day in 2022 was November 8. Either the complaint provides the wrong date, or Plaintiff attempted to cast her vote early.

stance regarding GAY RIGHTS," which Plaintiff "consider[s] [to be] . . . overkill." (*Id.*) Plaintiff also contends that "Riverside Church is known and . . . professes that voting rights is a privilege; however, I was denied this right on November 3, 2022 by Riverside Church staff that manned this voting location." (*Id.*) Plaintiff seeks $1,000,000 in damages.

## DISCUSSION

Plaintiff alleges that, on November 3, 2022, she was unable to vote at her polling station. She suggests that individuals at the polling station, who worked at Riverside Church in Manhattan, prevented her from voting because of her political views. Accordingly, the Court construes the complaint as asserting a claim, under 42 U.S.C. § 1983, that her fundamental right to vote was violated by staff at a polling station. To state a claim under Section 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

It is well-established that "voting is of the most fundamental significance under our constitutional structure." *Illinois State Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979). Where a plaintiff alleges that an individual violated this fundamental right to vote, she first must show that the individual acted under color of state law because the Constitution regulates only government actors, not private parties. *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks omitted). A private entity's activity can be attributed to the state if the state has delegated a public function to the entity. *Id.* at 207. For example, a poll watcher may be deemed a state actor "because . . . the poll-watcher's function is to guard the integrity of the vote." *Tiryak v. Jordan*, 472 F. Supp. 822, 824 (E.D. Pa. 1979). In *Tiryak*, the district court held that "[p]rotecting the purity of the electoral process is a state responsibility and the poll-watcher's statutory role in providing that protection involves him in a public activity[.]"

*Id.* Having concluded that "[n]o activity is more indelibly a public function than the holding of a political election," the court in *Tiryak* determined that if a poll watcher's "conduct is made possible by state election law, and if one sequela of their conduct is to further the purity of an exclusive state concern, [that is], elections, then their actions are for [Section] 1983 purposes properly attributable to the state." *Id.* For these reasons, the Eastern District of Pennsylvania permitted the plaintiff in that case to proceed with his Section 1983 action: "Their conduct was made possible only because defendants were clothed with the authority of state law and a [Section] 1983 action is appropriate redress for the misuse of that power." *Id.* at 824-25.

Here, the complaint differs from *Tiryak* in two respects. First, Plaintiff sues Riverside Church's pastor, the Reverend Thorne, whom Plaintiff does not allege acted in the capacity of a poll worker on November 3, 2022. Plaintiff does not even allege that the pastor was present at the polling station. Rather, the complaint suggests that employees of Riverside Church *have worked* at the polling station where Plaintiff attempted to vote; she does not allege that those employees were at the polling station on November 3, 2022. Second, she does not state facts suggesting that any individuals with whom she interacted on November 3, 2022 prevented her from voting. The facts alleged suggest that Plaintiff *could not* vote, not because an individual prevented her from doing so, but because the polling station was closed.

Even construing the complaint as asserting claims against employees of Riverside Church, Plaintiff does not state that such employees prevented her from voting on November 3, 2022. Accordingly, the Court dismisses the claims brought against Riverside.org and Reverend Thorne for failure to state a claim and grants Plaintiff 60 days' leave to file an amended complaint to state facts in support of her claim. Should she pursue this litigation, she must detail

the events that occurred at her polling station on November 3, 2022. Plaintiff also must name as defendants the individuals who she alleges prevented her from voting.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim regarding her inability to vote on November 3, 2022, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

### A.    John or Jane Doe Defendants

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. First, Plaintiff must name as the defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Poll Worker John Doe #1."

defendants, however, does *not* toll the three-year statute of limitations period governing this action.[4]

**B.      Statement of Claim**

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)   a description of the injuries Plaintiff suffered; and

d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

---

[4] Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

**C.**      **New York Legal Assistance Group**

Plaintiff may consider contacting the New York Legal Assistance Group's ("NYLAG")
Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic
staffed by attorneys and paralegals to assist those who are representing themselves in civil
lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the
court. It cannot accept filings on behalf of the court, which must still be made by any pro se party
through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this
order.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards
set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit
within 60 days of the date of this order, caption the document as an "Amended Complaint," and
label the document with docket number 23-CV-0059 (LTS). An Amended Complaint form is
attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the
time allowed, and she cannot show good cause to excuse such failure, the complaint will be
dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses Plaintiff's claims against Riverside Church.org and Reverend
Adriene Thorne for failure to state a claim upon which relief may be granted. *See* 28 U.S.C.
§ 1915(e)(2)(B)(ii)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would
not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*
*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

7

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 9, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)


**AMENDED**

**COMPLAINT**


Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial        Last Name

_____
Street Address

_____
County, City                          State                    Zip Code

_____        _____
Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                          Zip Code

Defendant 2:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                          Zip Code

Defendant 3:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State                          Zip Code

Defendant 4:

_____
First Name                      Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services
to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

a beneficiary of
UJA Federation
of New York